## Clarke's Estate.

*Practice and jurisdiction, O. C.—Partition—Description of real estate— Parties—Possession—Title—Averments of petition.*

1. A petition for partition must set forth a description of the land proposed to be partitioned.

2. In order to give the Orphans'. Court jurisdiction for partition of land, it is necessary to set out the manner in which the parties in interest acquired their title, that is, by deed or will or otherwise.

3. A mere averment in the petition that the parties acquired title by will and by virtue of the intestate laws is insufficient. It must set out the names of the persons who acquired by will and the names of those who acquired by the intestate laws.

Petition for partition. O. C. Schuylkill Co.

*J. O. Ulrich,* for petitioner.

*James B. Reilly, R. J. Graeff* and *J. Mahoney,* contra.

WILHELM, P. J., Jan. 19, 1925.—Upon the petition of Anna Theiss, who alleges that she is the daughter of Catherine Clarke, who was a daughter of

### Clarke's Estate.

Thomas Clarke, deceased, a citation was awarded to all parties in interest to show cause why an inquest in partition should not be granted of the land.

A demurrer, on behalf of Thomas C. Murphy, who alleges he is the owner and respondent in the petition for inquest, was filed in response to the citation, denying the sufficiency of the petition for six reasons set out in the demurrer.

The demurrer squarely raises the sufficiency of the petition, that is, whether it contains sufficient facts to give the court jurisdiction.

It is well established that a petition for partition should contain a description of the land proposed to be partitioned. This petition does not fulfill this requirement. In the sixth paragraph of the petition, in a quotation from the will, "One lot of ground situate on the southwest corner of Green and Spruce Streets seventy five feet fronting on Green Street and eighty feet fronting on Spruce Street," is mentioned. In the twelfth paragraph it is asserted that Patrick H. Stapleton, administrator *c. t. a.*, executed a deed to his wife "of a certain lot or piece of ground in Tamaqua, being the northerly one-half part of lots Nos. 14 and 15, situate on Spruce Street," a detailed description following, from which an inference might be drawn that it is the same land described in paragraph 6, but inferences should not be permitted to be drawn in important proceedings involving the title to real estate for obvious reasons.

If an order for inquest should be made, it would be impossible to include in the order a description of the land proposed to be partitioned, because the petition does not describe with certainty the land it is proposed to make the subject of this proceeding, and for this reason the petition should be dismissed.

We gather from the petition that Thomas Clarke died sometime before Oct. 25, 1869, because his will was filed in the office of the register on that date, and that he was seized of the piece of land described in paragraph 6, although there is no assertion to that effect in the petition, which he empowered his executors to sell for the purpose of "aiding and assisting to pay debts;" and that the executors named in the will did not sell the land; and that, on Nov. 22, 1880, letters of administration *c. t. a.* were issued to Patrick H. Stapleton, who sold the land described in pragraph 12 to his wife, Margaret Stapleton, but it is not asserted that Patrick Stapleton had no authority under the will or by virtue of an order of court or otherwise to make the sale. If the sale made by Patrick Stapleton was properly authorized, then the title to the land described in paragraph 12 passed to Margaret Stapleton in the year 1893, and if Margaret Stapleton obtained title in 1893, it follows that she and her successors in title have had possession to the present time, and the heirs and legatees of Thomas Clarke did not have possession or right of possession, and no one can have partition of land who does not have possession or right of possession in land.

In order to give the Orphans' Court jurisdiction for the partition of land, it is necessary to set out the manner in which the parties in interest acquired their title, that is, by deed or will or otherwise. In this petition, it is asserted that the parties acquired title by will and by virtue of the intestate laws, but it does not set out the names of the parties who acquired by will and the names of those who acquired by the intestate laws, and this is absolutely essential in a proceeding of this nature.

It may be said, in passing, that it is not clear how parties can acquire title to real estate descending from a single ancestor by will and under the intestate laws.

And now, Jan. 19, 1925, the petition is dismissed for reasons set forth in the opinion.                    From M. M. Burke, Shenandoah, Pa.